*641
Curia, per

Evans, J.
The application for further time to file a suggestion against the garnishee, R. Singleton, was made within a year and a day from the last proceeding in the case, and within that time it is every day’s practice to make any orders which may be necessary to the final decision of the case, upon satisfactory cause being shewn. There is no difference between cases in attachment, and other modes of legal proceedings, in this particular. But it is alleged in the second ground, that as the absent debtor died after the time had expired, within which the plaintiffs had obtained leave to file their suggestions, the case was out of court, as to the.garnishee. To the correct decision of this ground, it is necessary 1 should state that after the return of the writ, the plaintiffs proceeded to file their declaration, and after the expiration of the year and a day, the usual order for judgment by default had been given. After this, Powell McRa, the absent debtor, died. These facts are not stated in the report, but they were affirmed by the plaintiff’s counsel, and not controverted on the other side. What might have been the effect of the death of the absent debtor before the expiration of the rule to plead, it is not necessary now to decide. 3 Brev. Rep. 23. In the case of Crocker & Hitchburn vs. Ratcliffe, it was decided that the action would abate, but it is manifest that that decision was made on the assumption that the proceeding by attachment was a proceeding in personam ; the attaching of the defendant’s goods, was only a mode of making him a party. But this notion is now wholly exploded, and it is now held to be strictly a proceeding in rem. By the Attachment Act, the defendant may, at any time, within a year and a day, dissolve the attachment by entering special bail; and by a late Act he may appear and plead to the action without special bail. It might seem from this, that if within that time he died, the action would abate; but upon this, it is not intended to express any definite opinion, as the case does not require it, and I have learned, from experience, that it is better to decide the point alone involved in the case, and to decide other questions when they arise, and when the attention of the court has been exclusively directed to them.
*642 Assuming, in this case, that the death of McRa occurred after the judgment by default, the case comes within the provisions of the Act of 1746, Public Laws, 212, and the plaintiffs, to the perfection of their interlocutory judgment, have only to issue scire facias against the executor or administrator of McRa, to shew cause .why their damages should not be assessed. DuBose vs. Du Bose, Chev. Rep. 29. This question was decided in the case of Kincaid vs. Blake, 1 Bailey, 20, where it was held, that the death of the defendant after interlocutory judgment did not abate the suit. That like this was a case in attachment.
We are of opinion the motion should be dismissed on both grounds, and it is so ordered.
. Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.